## DUDLEY and others *v.* SEARS and others.

*(Circuit Court, S. D. New York. 1883.)*

NEW TRIAL—INSTRUCTION—EVIDENCE.

Where an instruction asked assumes the existence of facts that are controverted, a refusal to grant such instruction is not ground for a new trial.

This is an action to recover damages for the breach of a contract for the sale of 40,000 dozen cans of corn. Upon the cross-examination of the plaintiff Uriah Dudley he testified in part as follows:

*Question.* "When did you first have a negotiation with Mr. Thurber on the subject of the joint interest with you in the Sears corn?" *Answer.* 'When he got back from Cape May." *Q.* "What date was that?" *A.* "I guess it was the seventeenth or eighteenth of July." *Q.* "You told him what you had accomplished with Mr. Sears?" *A.* "I did." *Q.* "And you gave him an interest in the result?" *A.* "He asked me if I would let him in on half of it. I told him I would if he wanted to." *Q.* "You did?" *A.* "Yes." *Q.* "On the same terms with yourself?" *A.* "Yes, sir."

The only other testimony on this subject was that of Alexander Wiley, an employe of H. K. & F. B. Thurber & Co., who had charge of the canned-goods department of that firm. He testified as follows:

*Question.* "Did your firm, or you representing your firm, have any transaction with Mr. Dudley or his firm with reference to this crop of Sears corn of 1880?" *Answer.* "No, sir. I don't think we did; not to my knowledge." *Q.* "You have no knowledge or information of any negotiation or transaction between H. K. & F. B. Thurber, or any one representing that firm, with Dudley about the Sears crop of 1880?" *A.* "I never heard of it."

*Joseph Larocque* and *William G. Choate,* for the defendants.

*William Stanley* and *S. F. Randall,* for the plaintiffs.

COXE, J. The defendants move for a new trial upon the sole ground that the court erred in refusing to charge the following proposition:

"That, it being admitted that the plaintiffs gave Messrs. Thurber a half interest in the contract in question, the plaintiffs, in no aspect of the case, should recover more than one-half the difference between the contract price and the market price at Circleville on September 7, 1880."

In other words, the court was asked to instruct the jury, as matter of law, that the plaintiffs could recover but half the damages demanded in the complaint, for the reason that the proof established an actual subsisting assignment to the Messrs. Thurber; and further, that the plaintiffs admitted this to be so. I cannot regard the refusal as error.

*First.* The evidence falls far short of establishing the proposition as stated. A construction can be put upon the testimony proving an agreement to make a contract, rather than the contract itself.

*Second.* The court would hardly have been warranted in instructing the jury that the defendants'. version of the transaction with Messrs. Thurber was admitted by the plaintiffs, in view of the fact that no such admission was made on the trial, and the only witness connected with the Thurbers who spoke on the subject—Mr. Wiley—who, from his position, would be likely to know if such an arrangement had been actually consummated—disclaimed all knowledge on the subject.

*Third.* But assuming that the request states correctly the proof, and the plaintiffs' position in regard to it, does the legal conclusion necessarily follow? The proposition stated, viz., "that the plaintiffs gave Messrs. Thurber a half interest in the contract," is not comprehensive enough to sustain the ruling requested. The legal effect of the agreement would depend almost entirely upon its terms. An absolute, existing assignment of a half interest in the contract would present one question; a parol agreement for a resale of half the corn, quite a different one. The statement last quoted might have been true and either of these hypotheses correct; indeed, it might have been true had the negotiations terminated far short of a valid, binding contract, or been mutually abandoned shortly after the conversation in July.

In any view of the case I am of the opinion that the plaintiffs are entitled to recover the full amount. The legal title is in them, and payment of the judgment entered herein must discharge the defendants from every obligation under the contract.

The motion is denied.